**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald Edwin HEFT, Defendant-
Appellant.**

**No. 17077.**

United States Court of Appeals
Seventh Circuit.

July 23, 1969.

——◆——

Gerald M. Werksman, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Ft. Wayne, Ind., for appellee.

Before HASTINGS, Senior Circuit Judge, KILEY and KERNER, Circuit Judges.

KILEY, Circuit Judge.

Defendant Heft has appealed from his conviction, by a jury, of the aggravated robbing of a federally insured bank.[1] We reverse and remand.

At about 2:00 p.m. on October 2, 1967, a man with a gun robbed the Indiana Bank and Trust Company in Fort Wayne, Indiana. About two hours later, Rickard, an occupant in a room in the Indiana Hotel, looked through holes in a door to an adjoining room and observed a man he later identified as Heft, sitting on the floor counting a large sum of money. Rickard had heard radio announcements about the bank robbery. His observations were reported to hotel manager Baker. During Heft's absence, Baker entered the room, removed a satchel of money, and called police who joined him in the room. The satchel was then replaced "just like it was" before Baker took it. Heft was arrested later when he returned to the room.

At the trial, without objection from defense counsel, the court admitted into evidence the satchel containing a gun and the stolen money, including certain "bait" money, seized by the police when they arrested Heft. These items of evidence were identified by witnesses before the jury. Later in the trial defense counsel moved to suppress that evidence.[2] The court conducted a hearing out of the jury's presence and sustained the motion, because the search and seizure was tainted by police entry of Heft's room without a warrant when they joined Baker and replaced the satchel. The court struck from evidence only the "bait money," but ordered the jury to disregard the other evidence seized.

No motion was made for a mistrial. Heft relies upon the "plain error" rule here to cause us to reverse the conviction. Rule 52(b) Fed.R.Crim.P. The government does not resist the "plain

1. 18 U.S.C. § 2113(d).

2. Heft's counsel made his motion late because he was not aware, until trial, that the police entered Heft's room before they arrested defendant. Apparently he thought the police entered defendant's room only when they arrested him.

error" request. It contends merely that the ruling on the motion to suppress was error because the seizure of the evidence was lawful as incidental to a lawful arrest, arguing that the police were justifiably in Heft's room earlier attempting to correct what they thought was Baker's improper entry of Heft's room.

Had the evidence been suppressed before trial, the jury would not have observed the satchel, money or gun, nor would government witnesses have been able to testify that the gun used in the robbery and the one seized in Heft's room were similar. True, the court directed the jury to ignore the evidence after the court had suppressed it. But Heft argues the direction did not take the place of a motion to suppress, relying upon Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The government does not argue the *Bruton* question, but instead argues against the validity of the suppression ruling itself on policy grounds.

However, we think Heft should have had the benefit of the district court's suppression ruling, valid or not, and a mistrial ordered *sua sponte*.

The Supreme Court in *Bruton* reversed the conviction, saying "that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating * * * statements in determining petitioner's guilt," the introduction of the statements of Bruton's co-defendant violated Bruton's Sixth Amendment right of cross-examination. The Court expressly overruled the contrary rule of Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957).

The Court in *Bruton*, at 137 of 391 U.S., at 1628 of 88 S.Ct., said it could not "accept limiting instructions as an adequate substitute" for Bruton's Sixth Amendment right. *Bruton* is retroactive and reaches the suppression order here. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). We cannot accept the district court's direction to disregard the evidence here as an adequate substitute for protection of Heft's Fourth Amendment right of freedom from unreasonable search and seizure.

We need not reach any other errors asserted. We reverse and remand for new trial because the court committed plain error in not declaring a mistrial after suppressing the evidence which had already been shown witnesses, and had been commented on by them, and had been thus exposed to the jury.

The court expresses its appreciation to Mr. Gerald M. Werksman, of the Chicago Bar, for his services as court-appointed counsel for defendant.

Reversed and remanded.