**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald Edwin HEFT, Defendant-
Appellant.**

**No. 18119.**

United States Court of Appeals,
Seventh Circuit.

Dec. 7, 1970.

Gerald M. Werksman, Chicago, Ill., for defendant-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is the second appeal by defendant Heft from his conviction of robbing a federal bank and using a dangerous weapon in the robbery, in violation of 18 U.S.C. § 2113(d). In the first appeal we reversed, 413 F.2d 1027 (7th Cir. 1969), because in the government's proof a gun, among other things, was exhibited before the jury but was later excluded from evidence as fruit of an unlawful search in violation of Heft's Fourth Amendment right. We remanded for a new trial. His second trial resulted again in Heft's conviction, and this appeal followed.

Heft contends that his Sixth Amendment "right" to counsel of his own choice at the trial was violated. At the first trial in Fort Wayne, Indiana, Heft was represented by an attorney appointed by the district court from a panel of attorneys, in the District, to implement the Criminal Justice Act, 18 U.S.C. § 3006A. On appeal this court appointed a Chicago attorney to prosecute Heft's appeal. On remand, Heft wrote the district court requesting appointment of the Chicago attorney whom this court had appointed. The district court instead reappointed Heft's original trial attorney. On the appeal now before us, we again appointed the Chicago attorney appointed for Heft's first appeal.

We see no merit in Heft's contention that the failure of the district

court to grant his request denied him effective representation.

Heft at no time, orally or in his written request, complained to the district court that his trial attorney was incompetent or ineffective. A claim was made in the first appeal that defendant's trial attorney was incompetent, but we saw no merit in the claim. This was indicated in footnote 2 of our opinion. 413 F. 2d 1027 (7th Cir. 1969). Heft did not object to the reappointment of his original attorney for the second trial. We saw nothing in the original record, and we see nothing in the instant record, to indicate incompetence or ineffectiveness of that attorney. Arguments which gratuitously assume his incompetence as trial counsel are of no avail.

Lee v. United States, 98 U.S.App.D.C. 272, 235 F.2d 219 (1956), relied on by Heft, is inapplicable. There Lee was dissatisfied with and had discharged his private attorney and retained another. The day of trial, the latter attorney withdrew. The court denied a second continuance to enable Lee to choose his own counsel, and appointed the discharged lawyer to represent Lee.

We do not know, of course, why the district court denied Heft's request and appointed the original trial attorney. The court may well have anticipated an awkward situation in appointment of a Chicago attorney for the Fort Wayne trial. Since Heft did not object to the appointment at trial, there was no reason why the court was required to select a different attorney from the District panel of lawyers representing indigents from that District.

Also, we are not persuaded by Heft's argument that he was prejudiced by the reference in the indictment that the gun allegedly used by Heft in the robbery was a .32 caliber. The gun suppressed at the first trial was of .32 caliber. The reference in the indictment to a gun, simply, was not erroneous since use of a weapon while committing the robbery was an element of the crime and there was substantial evidence in the record to support that charge. Five government witnesses testified that the robber was armed with a gun when the crime was committed.

■ Defendant contends, however, that the reference in the indictment to the caliber of the gun was prejudicial in that it permitted the jury to speculate that the gun was found in the possession of the defendant. We cannot agree.

It is true that the jury, after it retired to deliberate, sent a note to the district court judge asking whether "the gun had been found." However, we cannot speculate from that fact that one or more jurors may have concluded that the gun testified to was found in Heft's room. We cannot say either that the indictment's description of the gun informed the jury indirectly of evidence that was suppressed at the first trial. Neither can we take seriously the bald charge that the description of the gun in the indictment had the purpose of influencing the jury against Heft. Heft's trial attorney sought to benefit from the description in the indictment. He moved for directed verdict because of the failure of the government to prove that a .32 caliber gun was used in the robbery. We conclude that there is no merit to this second contention.

■ Finally, we reject Heft's contention that we should use our supervisory powers to correct a claimed excessive punishment in consecutive sentences imposed upon him. We do not think that the district court abused its discretion in imposing the present sentence consecutive to two other sentences, especially where we do not know what the prior sentences were for.

For the reasons given, the judgment is affirmed.

Mr. Gerald M. Werksman of the Chicago Bar was appointed by this court in the first appeal and in this appeal to represent Heft. Mr. Werksman has rendered dedicated service on both appeals, and we express our thanks to him for those services.