THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KARL G. ENDRESS, Defendant-Appellant.

(No. 11245;

Fourth District—June 12, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of murder upon a jury's verdict. Sentence of twenty to forty years was imposed. Defendant appealed.

The body of the victim was discovered at her home on the forenoon of December 19, 1966. Defendant was arrested on the night of December 23, 1966, and thereafter indicted. There is no issue of the sufficiency of the evidence to prove guilt beyond a reasonable doubt. We have but a partial report of proceedings designed to frame the several issues urged here.

It is contended that the court erred in refusing to quash a search warrant issued and served on the night of December 23, 1966, and to suppress certain evidence seized. The issue upon the motion to quash was the sufficiency of the affidavit supporting the search warrant. The record indicates that evidence was heard upon the issue. The written order of the court makes a filing of fact "That the search when made was consented to by the defendant and by him authorized." This finding is not challenged in the brief. Upon oral argument, counsel confirmed the court's inquiry as to the state of the record. A review of the sufficiency of the affidavit is unnecessary.

■■ Defendant made a motion for the production of physical evidence and such was allowed by the court. (See *People v. Endress,* 106 Ill.App.2d

217, 245 N.E.2d 26.) In March, 1967, defendant also made a motion for pre-trial discovery requesting the production of documents, reports, "[A]nd any and all other written or recorded material whatsoever * * *." The trial court denied this motion and error is asserted. It is argued that such matters were material in preparation for the cross examination of witnesses, that the items might reveal information helpful to the defendant, and that if such were not made available, defendant would be hindered in preparation for trial.

This court held in *People v. Crawford* (1969), 114 Ill.App.2d 230, 252 N.E.2d 483, that a trial court had the constitutional power to order production of items other than physical evidence when the court deemed such necessary to insure a fair trial. The motion in this case was not framed in precisely these terms. Under the present Supreme Court Rule 412 effective October 1, 1971, at least some of the discovery sought would appear to be the subject of production prior to trial. As of the date of the motion and of this trial, however, the court was bound by the rule that the items sought were to be made available on cross examination for impeachment purposes. *People v. Moses,* 11 Ill.2d 84, 142 N.E.2d 1; *People v. Wolff,* 19 Ill.2d 318, 167 N.E.2d 197, *cert.* denied, 346 U.S. 874; 81 S.Ct. 119; 5 L.Ed.2d 96; see also *People v. Cagle,* 41 Ill.2d 528, 244 N.E.2d 200.

Defendant's argument is framed in terms of constitutional "due process", citing *Giles v. Maryland,* 17 L.Ed.2d 737, 87 S.Ct. 793. That opinion concerns the suppression of facts known to prosecution going to and affecting the credibility of the prosecuting witness. The majority opinion states that it is not deciding the issue of the duty of the prosecution to disclose all admissible evidence to the defense, and the court noted specifically that the issue presented was outside of the scope of discovery provided in both Fed.R.Cr. Proc., Rule 16, 18 U.S.C.A., and in the Federal Statutes Title 18 U.S.C.A., Sec. 3500. The cited *Brady v. Maryland,* 10 Law Ed.2d 215, 373 U.S. 83, 83 S.Ct. 1194, also concerns the suppression of the statement of an accomplice, apparently requested as an incident to cross examination. The issues determined in *Giles* and *Brady* are not presented in this case, and we find no error in the court's ruling.

■■ Defendant urges that the trial court erred in refusing to suppress defendant's statement made to the police on the morning of December 23, 1966. He cites *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602. The trial court found in substance that there was a voluntary meeting with certain police officers at a place chosen by defendant, that there was no custodial interrogation, and that at that time the investigation had not reached an accusatory stage. *Miranda* established a rule

for the exclusion of a statement, inculpatory or exculpatory, obtained by police through interrogation made without the required warnings. It is neither asserted in argument nor set out in the excerpts that any statement of defendant or any part of such statement was placed in evidence or used in cross examination. There is thus no genuine issue to be reviewed.

■■ A motion to sequester the jury was made prior to trial and renewed during the trial. The several motions were denied and error is urged. The defendant argued to the trial court that there was considerable publicity at and following the discovery of the homicide. In denying the motion, the trial court noted that some 2½ years had intervened between the date of the murder and the trial, and that, as of the latter date, it was doubtful that interest was great or excitement aroused. Defendant relies upon *People v. Schneider*, 362 Ill. 478, 200 N.E. 321. It appears that at the time of the opinion cited, the defendant in a capital case had a right to have the jury sequestered, citing *Jumpertz v. People*, 21 Ill. 375; *People v. Schanda*, 352 Ill. 36, 185 N.E. 183. Ill. Rev. Stat. 1967, ch. 38, par. 115—4(m), in effect at the time of this trial, provides that in the trial of a capital or other offense the jurors impanelled and sworn shall be permitted to separate during periods of adjournment unless the court finds a "probability" that prejudice to either the defendant or to the state will result from the separation. In *People v. Yonder*, 44 Ill.2d 376, 256 N.E.2d 321, *cert.* denied, 397 U.S. 975, it is said that if the jurors are adequately admonished by the court and there is no demonstration of actual prejudice, a refusal to sequester the jury is not reversible error. A stipulation filed here advises that the court admonished the jury at each occasion for separation and inquired of them concerning the reading or hearing of news items each time the court convened. The argument here is framed in terms of possibility of prejudice rather than by a demonstration of its existence. Nothing in the record before us suggests that defendant did not receive a fair trial.

■■■ Defendant urges error in the denial of a mistrial. One aspect of this issue concerns an item of physical evidence suppressed during the trial. It had been examined by counsel prior to the commencement of the trial but was not included in the pre-trial motion to suppress because of a misunderstanding as to which of two search warrants was the source of the evidence. The item consisted of infant pajamas. The exhibit had been removed from a package and simply identified prior to the order of suppression. It was not examined by the jury and there was no testimony concerning the exhibit. Our courts have held that the striking of inadmissible testimony will cure error except in extreme cases where it is

apparent that there is substantial prejudice. (*People v. Dolgin*, 415 Ill. 434, 114 N.E.2d 389; *McKenna v. Chicago City Ry. Co.*, 296 Ill. 314, 129 N.E. 814.) Here the trial court noted that the evidence is essentially cumulative. While not noticed at the time, the exhibit appears to have been admissible upon the court's finding that the search was by consent as heretofore discussed. Defendant urges that *U.S. v. Heft*, 413 F.2d 1027, required the granting of a mistrial. That case involved aggravated bank robbery, and a suitcase full of money had been admitted into evidence but subsequently excluded by the court upon motion. Here prejudice is asserted, but it is not demonstrated where there is no genuine issue of the sufficiency of the evidence to convict presented for review.

■■ Error in the refusal of a mistrial is urged in a second aspect. A published news article reported the ruling of the court on the motion to suppress the pajamas as evidence, and the article contained some speculation as to their significance. It is urged that the court erred in refusing to interrogate the jurors as to reading or hearing about such portion of the proceedings. From the stipulation on file it appears that upon convening court the trial judge had made an inquiry of the jurors concerning reading about the trial or hearing broadcasts concerning it, and that the responses of the respective jurors were negative. Denial of a further inquiry upon a specific news item under such circumstances cannot be said to be prejudicial or an abuse of discretion.

Defendant's petition for rehearing was allowed. Incident to such petition, defendant filed a motion for leave to prepare an additional report of proceedings, supplement the record on appeal and file additional excerpts from the record.

This motion was directed to that portion of the opinion which noted that the trial court had heard evidence upon defendant's motion to suppress certain statements of defendant's to police officers under the rule of *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, and that the trial court had found that there was no custodial interrogation in fact and that the investigation had not approached the accusatory stage. The opinion commented in an incidental way that defendant had not argued, and that the record did not show that any statement by defendant to the police officers was placed in evidence or used in cross-examination. Defendant concludes that we declined to review the asserted *Miranda* issue and seeks to supplement the record to demonstrate that the statements of the defendant, or parts of such, were placed into evidence.

The opinion did, in fact, include a review of the evidence upon the motion to suppress such statements and affirm the finding of the trial court. We note that the defendant's own testimony neither suggests

custodial interrogation nor an accusatory stage of the investigation. *People v. Stansberry*, 47 Ill.2d 541, 268 N.E.2d 431; *People v. Richards*, 120 Ill.App.2d 313, 256 N.E.2d 475.

This review of the question raised upon the merits does not, in any way, infer that such motion for an additional report of proceedings is proper under Supreme Court Rule 367(b).

■■ The defendant seeks to argue once again the refusal of the trial court to quash a search warrant. Such motion to quash included an allegation that certain matters set forth in the affidavit for the search warrant were not true, and the record shows that defendant introduced some testimony which he argues sustained such conclusion. The rule in Illinois is that a party has no right under either the Constitution of the United States or of this State, or under Ill. Rev. Stat. 1969, ch. 38, par. 114—12, to controvert the truth of matters contained in the affidavit for issuance of a search warrant. *People v. Mitchell*, 45 Ill.2d 148, 258 N.E.2d 345; *cert.* den. 27 L.Ed.2d 121; *People v. Bak*, 45 Ill.2d 140, 258 N.E.2d 341; *cert.* den. 27 L.Ed.2d 120; *People v. Stansberry*, 47 Ill.2d 541, 268 N.E.2d 431.

■■ The defendant again seeks to argue that the search was illegal for want of proper service of the search warrant. The court heard testimony upon the issue from the defendant and the police officer in charge. The trial court was called upon to determine the credibility of the witnesses. The defendant has the burden of showing that the search was unlawful. (Ill. Rev. Stat. 1969, ch. 38, par. 114—12(b); *People v. Smith*, 108 Ill.App.2d 172, 246 N.E.2d 689; *cert.* den. 25 L.Ed.2d 412.) The findings of the trial court, both that the search was consented to and that the warrant was lawfully issued and was properly served, are sustained by the evidence.

The other issues in the petition for rehearing are essentially matters originally argued and reviewed. The motion to supplement the record on appeal is denied.

The judgment is affirmed.

Judgment affirmed.

SMITH and CRAVEN, JJ., concur.