THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES E. ROGERS, Defendant-Appellant.

(No. 59029;

First District (1st Division)—April 1, 1974.

James J. Doherty, Public Defender, of Chicago (Marilyn Dershem Israel, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Defendant was charged with unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4)) as the result of a police officer's discovery, following a traffic stop of the automobile driven by defendant, of a .12-gauge sawed-off shotgun partially concealed beneath the rear seat. He was found guilty at a bench trial and sentenced to a term of 90 days in the House of Correction. He appeals, seeking reversal of the judgment of conviction, raising the following issues for our determination: (1) whether the trial court erred in denying his motion to suppress evidence (shotgun) obtained by the officer's search; (2) whether the trial court violated the defendant's right to due process of law at the hearing on the motion to suppress evidence by failing to remain impartial; (3) whether the trial court erred in determining that the defendant was guilty beyond a reasonable doubt; and (4) whether the trial court erred in concluding that the defendant had expressly and understandingly waived his right to a jury trial. For reasons which follow, we affirm the judgment of the trial court.

On February 11, 1973, a police officer stopped the automobile driven by the defendant because he had not properly signaled a right turn. At a hearing on a motion to suppress evidence, the officer testified that:

"After I stopped the defendant and he did not produce a driver's license, I had occasion to look into the vehicle. I noticed the rear seat was pulled up and I noticed an object sticking from under it. I saw the barrel portion of a .12 gauge sawed-off shotgun. At that time I did not know that it was a shotgun. Approximately two or three inches of it was showing."

The judge denied defendant's motion to suppress the shotgun as evidence. Counsel for defendant protested on the ground that the officer had conducted a search without probable cause because he admitted that prior to conducting the search he did not know that the object in question was a shotgun. The judge then addressed the following question to the police officer:

"THE COURT: When you observed this object sticking out, what did it appear to you to be?

THE OFFICER: It appeared to be a gun."

The judge again denied defendant's motion.

Defendant then entered a plea of not guilty, whereupon the court addressed him as follows:

"THE COURT: Plea of not guilty. You have a right to have your case heard by a jury, do you wish to have a jury hear your case?

DEFENDANT: Yes.

THE COURT: Pardon me? You'll have to answer as to whether you wish to have a jury hear your case, that's twelve people?

DEFENDANT: No, I don't."

The matter proceeded to a bench trial, whereupon the court found the defendant guilty and sentenced him to the 90-day term. This appeal followed.

Defendant's first contention is that the trial court erred in denying his motion to suppress evidence (the shotgun). He contends that the officer conducted an unlawful search of the vehicle because there was no probable cause for the search or, in the alternative, because the search was not incident to a valid arrest. In support of these arguments he maintains that the officer's testimony regarding the visibility of the gun barrel was so conflicting as not to be credible such that the court could not reasonably have concluded that the officer saw a gun barrel. We disagree.

■■ As was recently said in *People v. Endress* (1972), 5 Ill.App.3d 821, 284 N.E.2d 725, at page 826:

"* * * The defendant has the burden of showing that the search was unlawful. (Ill. Rev. Stat. 1969, ch. 38, par. 114—12(b); *People v. Smith*, 108 Ill.App.2d 172, 246 N.E.2d 689, *cert. den.* 25 L.Ed.2d 412.)"

and the ruling of the trial court is to be accepted on appeal unless "clearly unreasonable." (*People v. Haskell* (1968), 41 Ill.2d 25, 30, 241 N.E.2d 430.) Our examination of the officer's testimony convinces us that he saw what he believed to be a gun barrel protruding from beneath the rear seat and that upon further investigation he found it to be a sawed-off .12-gauge shotgun. It is of no consequence that he was unable specifically to identify the nature of the gun upon first observation. Since the proof was satisfactory, we conclude that the trial court properly determined that the officer's testimony was credible and that the gun barrel was visible to him.

■■■ Since the shotgun was visible, it follows that there is no merit to defendant's contention that the gun was seized as the result of an unlawful search. The rule in Illinois is that a search implies a prying into hidden places for that which is not open to view under circumstances implying an invasion and quest with some form of actual or constructive force (*People v. McCracken* (1964), 30 Ill.2d 425, 429, 197 N.E.2d 35.) Therefore, a seizure of a gun which is in plain view is not a search. (*People v. Joyner* (1972), 50 Ill.2d 302, 310, 278 N.E.2d 756; *People v. Wright* (1968), 41 Ill.2d 170, 174, 242 N.E.2d 180; *People v. Pickett* (1968), 39 Ill.2d 88, 95, 233 N.E.2d 560.) Thus, the question of illegal search is not even remotely involved here, since the uncontroverted evidence was that a portion of the gun barrel was in plain view (*People v. Oliver* (1970), 129 Ill.App.2d 83, 89, 262 N.E.2d 597) through the car window (*People v. Elmore* (1963), 28 Ill.2d 263, 265, 192 N.E.2d 219). It follows that the trial court properly denied the defendant's motion to suppress.

Defendant next contends that the trial court abused its discretion by failing to remain impartial thereby violating his right to due process of law at the hearing on the motion to suppress. As we noted previously, the police officer had testified that when he looked into the car he, "saw the barrel portion of a .12 gauge sawed-off shotgun. At that time [he] did not know it was a shotgun." Following that testimony the judge questioned the officer as follows, "When you observed this object sticking out, what did it appear to be?" The officer responded, "It appeared to be a gun." Defendant maintains that the court assumed the role of prosecutor when it questioned the officer.

■■ While it is true that a judge must remain impartial and may not abuse discretion by assuming the role of the prosecutor in proving up material elements of the State's case (*People v. McGrath* (1967), 80 Ill. App.2d 229, 236, 224 N.E.2d 660), it is also true that a judge, in the proper exercise of the court's discretion, may question a witness for the purpose of clarifying ambiguities in the witness' testimony in order to bring enlightenment on material issues (*People v. Trefonas* (1956), 9 Ill.

2d 92, 100, 136 N.E.2d 817). In the instant case, defendant admits that the officer's testimony was ambiguous as to whether he recognized the object protruding from beneath the rear seat as a gun barrel. The trial judge merely asked the officer what that object appeared to him to be. We think the question was proper and did not constitute an abuse of discretion.

Defendant next contends that he was not proven guilty beyond a reasonable doubt because the prosecution failed to establish that he had any knowledge of the presence of the weapon. We disagree for several reasons.

■▮■ Defendant admitted to the police officer at the time of the stop that he had title to the automobile, although at trial he attempted to show that he had only borrowed it since he had allegedly sold the car prior to the incident but had failed to transfer title. The trial court concluded that the car belonged to the defendant. In addition the officer testified that from his position outside the automobile he saw the gun barrel protruding from beneath the rear seat. Although, as previously noted, defendant attempted to discredit his testimony, nevertheless, the trial court concluded that the testimony was credible. The trial court, of course, determines the credibility of witnesses and we will not substitute our judgment unless the proof is so unsatisfactory as to justify reversal (*People v. Coleman* (1971), 49 Ill.2d 565, 276 N.E.2d 721). Since both findings were supported by the evidence, we conclude that the court properly determined that the car belonged to defendant and that the gun barrel was visible. Since the defendant's ownership of an automobile, presence in it, and partial visibility of a weapon from outside the car are sufficient to establish that a defendant has knowledge of the weapon's presence (*People v. Latson* (1972), 5 Ill.App.3d 1100, 284 N.E.2d 436), we conclude that the trial court properly determined that defendant knew of the presence of the weapon. Accordingly, there is no merit to this contention.

Finally, defendant contends that he did not expressly and understandingly waive his right to a jury trial. No specific formula exists by which to determine whether a waiver of the right to trial by jury is expressly and understandingly made. Instead, such a determination must be made on the facts of each case (*People v. Wesley* (1964), 30 Ill.2d 131, 133, 195 N.E.2d 708). Our examination of the record leads us to conclude that the waiver was expressly and understandingly made.

■■ Defendant appeared at trial represented by the public defender who informed the court that he and his client were ready for trial. The record of proceedings indicates that counsel was familiar with the case. The hearing on the motion to suppress was followed by defendant enter-

ing a plea of not guilty. When asked by the court whether he wanted a trial by jury, the defendant first responded in the affirmative then in the negative after the court explained to defendant that a jury trial meant having 12 people hear his case. Here there was ample opportunity for counsel and defendant to confer prior to trial regarding whether defendant should be tried before a jury or the bench. We must therefore assume that defendant and counsel had discussed his right to a jury trial and had decided to waive it prior to trial (*People v. Taylor* (1973), 13 Ill.App.3d 253, 300 N.E.2d 862). In addition the court explained the nature of a jury trial to defendant who then responded that he did not want a jury trial. Nor was there any indication that the waiver was anything but voluntary. Therefore, the waiver was expressly and understandingly made (*People v. Surgeon* (1958), 15 Ill.2d 236, 154 N.E.2d 253; *People v. Clark* (1964), 30 Ill.2d 216, 220, 195 N.E.2d 631).

The judgment is affirmed.

Affirmed.

EGAN, P. J., and GOLDBERG, J., concur.