THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHNNIE WARREN, Defendant-Appellant.

First District (3rd Division)   No. 62788

Opinion filed November 18, 1976.—Rehearing denied December 16, 1976.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Neil H. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The defendant, Johnnie Warren, was indicted for possession of a controlled substance. After a trial without a jury, he was found guilty of that charge and sentenced to one to three years. Defendant contends on appeal that the trial court abused its discretion in denying defendant's petition to elect treatment under the Dangerous Drug Abuse Act; that statements made by the trial judge evidenced a preconceived belief regarding defendant's guilt; and that he was not proved guilty beyond a reasonable doubt.

On April 17, 1975, prior to trial, defendant filed a petition to elect to be treated as a narcotics addict in lieu of standing trial. (Ill. Rev. Stat. 1975, ch. 91½, pars. 120.8 and 120.9.) In his petition defendant stated that he was an addict, set forth the elements of eligibility in conformance with the statute, and requested treatment under the drug abuse program. Acknowledging several times the possibility that defendant was an addict, the trial judge denied defendant's request for an examination by the Department of Public Health. In several instances, the court responded to defense counsel's demands that defendant be treated as an addict with the statement that defendant could receive treatment as an addict in the Dart program in the penitentiary. The trial court also reminded defense counsel of the presumption of defendant's innocence. The judge stated that defendant would leave the court room as a free man if he were to be found not guilty. Based on the fact that defendant previously had been convicted twice for the sale of narcotics and once for possession of heroin, the trial court denied defendant's petition and ordered him to stand trial.

Subsequent to his conviction, defendant renewed his request to be treated as an addict. He requested admission to the drug treatment as an alternative to sentencing under the Unified Code of Corrections. (Ill. Rev. Stat. 1975, ch. 91½, par. 120.10) The trial court again denied defendant's petition on the basis that defendant's prior criminal background and his age (51 years) warranted incarceration rather than probation under the provisions of the Dangerous Drug Abuse Act.

Defendant contends that the trial court abused its discretion in denying defendant's petition to elect treatment as an addict. He bases this claim on the refusal of the court to grant his request to be examined by the Department of Mental Health. Defendant argues that without such an examination the trial court lacked the statutorily required "reason to believe" he was an addict.

■■ We hold that the trial court did not abuse its discretion in denying

defendant's petition to elect treatment as an addict. We further conclude that the court did consider treatment under the statute as a potential disposition and did recognize defendant's addiction.

Although defendant was free to seek the ameliorative effect of the statute, it was not solely his option to demand treatment in lieu of either standing trial or being sentenced under the Unified Code of Corrections. (*People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E. 2d 621.) As stated by this court in *People v. Newlin* (1975), 31 Ill. App. 3d 735, 740, 334 N.E.2d 349, at page 740:

> "Whether a court 'has reason to believe' an individual convicted of a crime is an addict must be determined from the facts presented in each case. Whether those facts, gathered from evidence or information presented during a trial or at a sentencing hearing, reach to the extent of the statutory definition of addict, cannot be determined from fixed rules or guidelines. None are furnished by statute."

Defendant in his petition stated that he was an addict. At the pretrial hearing on the petition the trial court took cognizance of defendant's assertion several times. At the sentencing hearing, the judge expressly recognized defendant's addictive state when he said, "He is very, very fortunate. Very few addicted people live to that age." Moreover, the statute itself recites that the defendant's statement that he is an addict is sufficient to apprise the court of his prospective eligibility for treatment in the program.

■■ Even after determination of addiction, a trial court must exercise its discretion in determining whether to admit a defendant to treatment. In *People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240, this court stated at page 506:

> "No formula is intended to be prescribed, but the record must, in some fashion, establish that the trial judge, in the exercise of his discretion made a deliberate decision to impose sentence or other sanctions available to him under the Code of Corrections in lieu of invoking the provisions of the Dangerous Drug Abuse Act."

The present record discloses that the trial judge so exercised his discretion. In his petition, defendant set forth the elements required under the statute to render him eligible for treatment in the drug program. The trial court considered the petition in conjunction with the additional facts adduced at the pretrial hearing. Citing defendant's prior convictions for sales and possession of narcotics as the basis for denying him admission to the program, the trial court ordered him to stand trial. The trial court again denied the petition at a hearing subsequent to the conviction. The court stated that it deemed the best interests of society required defendant's incarceration in the penitentiary where, if he chose, defendant could participate in the drug abuse program in operation there.

The court determined that the likelihood of defendant benefiting from the probation program was diminished in view of his age and prior failures to overcome his narcotics habit. The primary reason of the court for denying defendant's petition, however, was his prior convictions. In a recent case decided by this court, *People v. Norris* (1976), 42 Ill. App. 3d 301, it was held that the trial court properly determined that a defendant's prior convictions precluded the allowance of a petition for treatment under the Dangerous Drug Abuse Act in lieu of a penitentiary sentence. Similarly, the trial judge in the present case properly exercised his discretion when he deemed that all of the circumstances adduced at the hearings rendered defendant an inappropriate candidate for probationary treatment as an alternative to sentencing.

■■ Defendant next contends that statements made by the trial judge throughout the proceedings reflected a preconceived attitude regarding defendant's guilt. During the pretrial hearing on defendant's petition, the court made frequent statements referring to the possibility of defendant obtaining treatment in the penitentiary. Along with these references, the trial court expressed its belief that the interests of society demanded that defendant stand trial to answer the charge against him. However, the judge also stated that there existed the possibility that defendant was innocent and could "walk right out of here." Thus, the context in which the allegedly prejudicial statements were made demonstrates that the judge had no preconceived idea of guilt. The references concerning the availability of treatment in the penitentiary were offered as one of the court's reasons for denying defendant admission to the treatment program.

Defendant also claims that the trial court exhibited impatience and unwillingness to allow full trial of the case. The first statement challenged by defendant was made by the court to the prosecutor near the close of the State's direct examination of a police office. After the prosecutor directed a question to the officer, the court commented, "Let's get to the case. That is the end of the case?" The prosecutor replied affirmatively.

These comments by the trial court evidence direction to proceed with the case. In any event, the prosecutor stated that he had concluded his examination. The court then afforded defense counsel full opportunity to cross-examine the witness. Defendant could have suffered no prejudice.

The other comment of the trial court complained of by defendant occurred during defense counsel's cross-examination of the police officer. After the officer replied that he did not recall whether there was other traffic on the street at the time in question, the court asked: "What do you mean? Are we talking about automobile traffic?"

■■ It is within the discretion of the trial court to question a witness in order to clarify ambiguous testimony. (*People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817; *People v. Rogers* (1974), 18 Ill. App. 3d 940, 310

N.E.2d 854.) In the present case, it was reasonable for the trier of fact to ascertain the precise nature of the traffic. The court's inquiry was not an improper exercise of discretion nor did it evidence any prejudice on the part of the judge toward defendant.

We find no merit in defendant's final argument that the State failed to prove him guilty of possession of a controlled substance beyond a reasonable doubt.

The only testimony offered at trial was that of Officer James Capesius of the Chicago Police Department. He testified that at approximately noon on September 19, 1974, he and his partner were patrolling in a squad car in the city. Capesius was driving, and stopped for a red light. He observed defendant standing to the right of the vehicle about 15 feet away. Defendant was facing in the opposite direction. Several people were sitting on a porch approximately 15 to 20 feet from defendant. Capesius had an unobstructed view of defendant.

While waiting for the light to change, the officer saw defendant turn. Defendant looked in the direction of the squad car, took a few steps, and then dropped two tinfoil packets from his left hand. The officer emerged from the squad car immediately and retrieved the packets. Opening one of the packets, he discovered some tan powder. He placed defendant under arrest. It was stipulated that the two packets contained .49 grams of heroin.

■■ In the present case, the police officer testified without contradiction that he saw defendant drop two packets which were later found to contain heroin. That evidence established beyond a reasonable doubt that defendant was in possession of a controlled substance.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and McGLOON, J., concur.