(No. 14609.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES KENNEDY, Plaintiff in Error.

*Opinion filed June 21, 1922.*

1. CRIMINAL LAW—*when information verified by State's attorney is sufficient.* An information which states probable cause and is supported by affidavit is sufficient under the bill of rights where it is verified by the State's attorney, even though he does not of his own personal knowledge know the facts but derives such knowledge from others which satisfies him of the existence of the facts, as knowledge of the existence of facts may arise from a confession or any other source which enables the person verifying the information to swear to its truth.

2. SAME—*a plea is essential to a criminal trial.* Under section 3 of division 13 of the Criminal Code a plea is essential to constitute an issue to be tried in a criminal case whether the offense charged is a misdemeanor or a felony, as the matter of a plea is not a mere formality; and the question of the want of a plea is properly raised by general motion in arrest of judgment.

CARTER, J., dissenting.

WRIT OF ERROR to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

SIDNEY H. BLOCK, and GEORGE W. FIELD, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, and ASHBEL V. SMITH, State's Attorney, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 8, 1921, a constable of Lake county, by authority of a search warrant issued by a justice of the peace under the act commonly called the Search and Seizure act, entitled "An act to restrict the manufacture, possession and use of intoxicating liquor within prohibition territory," (Laws of 1919, p. 930,) searched premises occupied by the plaintiff in error, Charles Kennedy, and made return that

he had seized intoxicating liquors specified in the return. On the same day an information containing ten counts was filed in the county court by the State's attorney charging plaintiff in error with a violation of different provisions of the act. The third count charged that the plaintiff in error on May 10, 1921, was convicted of violating section 3 of the act and subsequently again unlawfully kept for sale intoxicating liquor. There was a trial, and the jury returned a verdict finding the defendant guilty in manner and form as charged in the third count. Motions for a new trial and in arrest of judgment were made and overruled and the plaintiff in error was sentenced to imprisonment in the county jail for a period of ninety days and to pay a fine of $500. A writ of error was sued out of this court on the ground that a constitutional right of the plaintiff in error was violated by a trial upon an insufficient information.

The information was verified by Ashbel V. Smith, State's attorney, stating that the matters and things therein set forth were true as therein stated. The People introduced evidence tending to prove a violation of the act in question, and the defendant offered no evidence on that question but called the State's attorney as a witness, and he said that he did not know personally that the matters and things set forth in the information were true but he derived his information from others. A motion was then made that all evidence be excluded from the record because the verification, in fact, was not made upon personal knowledge but upon information, in violation of section 6 of the bill of rights, and the motion was denied. That section of the bill of rights declares that no warrant shall issue without probable cause supported by affidavit, and a verification stating that a person has been informed of the existence of facts and believes in their existence will not support a warrant. (*People* v. *Clark*, 280 Ill. 160.) The information in this case was not of that character but was supported by affidavit in positive terms and complied with the

provision of the constitution. The State's attorney was not on trial, and the fact that he did not of his own personal knowledge know the facts but derived such knowledge from others which satisfied him of the existence of the facts was not ground for claiming a violation of the constitutional right. Knowledge of the existence of facts may arise from a confession or any other source which enables the person verifying the information to swear to its truth. (*People* v. *Boykin,* 298 Ill. 11.) The information stated probable cause and was supported by affidavit, and the court did not err in overruling the motion.

The defendant appeared in court and was furnished with a copy of the information, and a motion was made to quash, which was overruled, but the record does not show any plea to the information. Section 3 of division 13 of the Criminal Code contains this provision: "Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally, by himself or his counsel, that he is not guilty; which plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the State and the prisoner."

This court has consistently and uniformly held that the statute must be complied with and that a plea is essential to constitute an issue to be tried. In *Johnson* v. *People,* 22 Ill. 314, which was a prosecution for a misdemeanor, the above provision of the Criminal Code was quoted and it was held that a plea was essential to the formation of an issue to sustain a verdict; that without it there was nothing to be tried by the jury, and that the judgment in that case should have been arrested for want of a plea. In *Yundt* v. *People,* 65 Ill. 372, where the charge was a felony, the record failed to show that the defendant was arraigned or any plea filed, and it was decided that there was no issue to try and the defendant could not be properly sentenced.

In *Hoskins* v. *People,* 84 Ill. 87, where larceny was charged, the defendant waived arraignment, copy of indictment, list of jurors and witnesses, but no plea was entered. The court reversed the judgment and remanded the cause so that the accused might be arraigned and plead to the indictment before he should be again placed on trial. In *Parkinson* v. *People,* 135 Ill. 401, which was a prosecution for a felony, a jury was impaneled and sworn and a witness sworn and partly examined when it was discovered there was no arraignment or plea. The defendant was then arraigned and pleaded not guilty and the trial was then proceeded with from the point already reached. The defendant moved in arrest of judgment based on these facts, and the court held that if there had been an arraignment in fact and a failure to make a minute of the same a record might be made, but the court erred in overruling the motion in arrest of judgment.

Counsel for the People concede that under the decisions of this court a trial without a plea is fatal error but say that in cases of misdemeanor a different rule prevails in the Federal courts and a majority of the State courts; that some State courts have reversed and overruled former decisions; that the statutory requirement of a plea is a mere technicality without merit and represents a period when the law was very solicitous for the protection of the rights of persons accused of crime and that it ought to be changed. The court has relaxed rules of procedure where there was reasonable ground for doing so, and in *Fitzpatrick* v. *People,* 98 Ill. 259, where the charge was malicious mischief, the defendant pleaded to the indictment that he was not guilty, and it was held that the ancient formality of arraignment by reading the indictment to the defendant was not necessary and the statutory requirement for furnishing a copy of the indictment took its place. In *Kelly* v. *People,* 132 Ill. 363, it was again held that furnishing a copy of the indictment before arraignment made the reading of the in-

dictment on arraignment unnecessary. The want of a plea is not of like nature and is not a mere formality. It is true that a defendant participating in a trial knows the question of his guilt or innocence is being tried, and it is equally true that a defendant who is in court and hears the witnesses knows what charge is made against him, but that fact does not dispense with the requirement of an information by which the accused is informed of the offense with which he is charged. (*Parris* v. *People,* 76 Ill. 274.) The same rule was again stated in *Gould* v. *People,* 89 Ill. 216, where the defendants were prosecuted in a county court for a riot, upon an affidavit charging that the riot was committed. Judgment was reversed both because of the want of an information and any plea by the defendants. The court said that a plea was indispensable.to a trial unless the accused stands mute, and the judgment was reversed and the cause remanded. With these decisions before the legislature it has not been deemed necessary to change the statute, and the reasons offered by counsel do not seem to us to make it obligatory upon the court to change the law, which has been long settled and is well known to every State's attorney.

Counsel for the People say that the above question was not raised in the trial court. The record shows a motion in arrest of judgment, which was general and not limited in any way, and the claim is not supported by the record.

Numerous other errors are assigned, and counsel for the People admit that errors occurred upon the trial which they regard as harmless. They are of such a nature as are not likely to occur upon another trial and will not be noticed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE CARTER, dissenting.