The People of the State of Illinois, Defendant in Error, v. William Olive, Plaintiff in Error.

Gen. No. 7,744.

Opinion filed March 23, 1928.

ELLIS & WESTBROOKS, for plaintiff in error; RICHARD E. WESTBROOKS, of counsel.

JOSEF T. SKINNER, State's Attorney, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.

An information consisting of eight counts was filed in the county court of Bureau county, charging the defendant with violating certain provisions of the Prohibition Law, Cahill's St. ch. 43, ¶ 1 *et seq*. The first two counts were *nolle prossed* by the State's attorney. The remaining six counts charge sales of "moonshine whisky." The defendant was found guilty on each count. A motion for a new trial was overruled and judgment was rendered upon the verdict. The defendant was fined $200 on the third count and $100 on each of the remaining five counts and ordered to pay the costs. He was also sentenced to the Illinois State Farm at Vandalia for a term of 60 days and to stand committed to the State farm until such fine and costs were paid on the third count.

The first assignment of error is that the information was insufficient and should have been quashed. It is

urged that the name of the purchaser of intoxicating liquor should be set forth in the information or indictment, if known, or if unknown, that fact should be stated. A number of cases from other States are cited in support of this contention. However, section 39 of the Illinois Prohibition Act, Cahill's St. ch. 43, ¶ 40, expressly provides that it shall not be necessary in any affidavit, information or indictment to give the name of the purchaser. (*People v. Brush,* 324 Ill. 261; *People v. Zalapi,* 321 Ill. 484; *People v. Tate,* 316 Ill. 52.)

The defendant contends that section 39 of the Prohibition Act, Cahill's St. ch. 43, ¶ 40, is unconstitutional as dispensing with an essential element of the crime attempted to be created under the act. The constitutionality of a law cannot be considered by this court and by seeking a review of the cause here he waives the question. (*Hill v. Thomas B. Jeffrey Co.,* 292 Ill. 490; *People v. Leoni,* 198 Ill. App. 376.)

The information is not insufficient because it fails to charge that the liquor was sold for beverage purposes. It charged the sale of intoxicating liquor. In such case it is not necessary to state that the liquor was fit for beverage purposes or sold for beverage purposes. (*People v. San Filippo,* 243 Ill. App. 146; *People v. Alfano,* 322 Ill. 384; *People v. Cioppi,* 322 Ill. 353.) In an information charging a violation of section 3 of the Illinois Prohibition Act, Cahill's St. ch. 43, ¶ 3, the information need not specify the particular variety of intoxicating liquor sold, the nature of the compound, whether medicated or not, its alcoholic content or its fitness for beverage purposes. If the offense is stated in the language of the statute, and so plainly that the nature of the offense may be easily understood by the jury, it is sufficient. (*People v. Alfano, supra.*)

It is contended that the information is insufficient because it does not allege that the place conducted by

plaintiff in error was a soft drink parlor. The case of *People v. Lewis,* 319 Ill. 154, is cited in support of this claim. In that case a large quantity of liquor called "stomach bitters" and claimed to be "patent" or "proprietary" medicine was found in a soft drink parlor. The opinion laid down the requisites of an information under sections 4 and 5 of the Prohibition Act, Cahill's St. ch. 43, ¶¶ 4 and 5, as applied to such a state of facts, but the case is not in point here. It is not charged in the information in the case at bar that the liquor sold came under the provisions of either section 4 or section 5 of the Prohibition Act. Under the settled rules as announced by both the Supreme Court and Appellate Courts in this State, the information is sufficient.

No error was committed in the admission of evidence over objection of defendant of other sales on dates not charged in the information. When the time of the commission of an offense is not of its essence, it need not be precisely laid and it is sufficient if it be laid at any time before the filing of the information and within the period of limitation. Proof that the offense was committed on any day within that period prior to the filing of the information is sufficient. (*Kettles v. People,* 221 Ill. 221; *People v. Robinson,* 243 Ill. App. 637.) When proof of other offenses tends to prove the charge in the information, such proof is admissible. (*People v. Reed,* 287 Ill. 606.)

Defendant claims it was reversible error to admit opinion evidence of two witnesses as to the alcoholic content of the liquor sold. One who has drunk whisky and who is familiar with the taste and smell can give opinion evidence as to whether the beverage sold and drank was whisky, and can unquestionably give his opinion as to its alcoholic content. (Blakemore on Prohibition [2nd Ed.], pp. 141–143; *Strada v. United States,* 281 Fed. 143.) Furthermore, in one instance the opinion expressed by the witness was not objected

to and therefore that testimony cannot be complained of here for the first time.

It is next objected that the whole proceeding is void because the information was verified by the sheriff who admitted on cross-examination that he had never seen the defendant sell liquor to anybody. It is claimed that although the verification was in positive language, the proof shows it to have been upon information and belief only, and was therefore void. Courts will not look beyond a positive verification to ascertain in the first instance whether the accusation is upon information and belief. If the verification is positive, it is a sufficient warrant for further proceedings. In the trial court the defendant did not question the sufficiency of the information on account of the alleged void verification either by motion to quash or in arrest of judgment. We are of the opinion that the objection was waived and cannot be urged in a court of review.

The trial court properly denied a motion of the defendant to vacate the judgment of sentence and to stay its further execution. A motion for a new trial had been overruled, judgment and sentence of the court had been entered, and the warrant of commitment had been returned as executed on August 10, 1926. On September 4, 1926, after the defendant had been delivered to the Illinois State Farm at Vandalia and had served nearly a month of his sentence, his counsel filed the motion to vacate the judgment. An order was then entered granting the defendant 60 days in which to file a bill of exceptions. A motion to stay further execution of the judgment and sentence pending application for *supersedeas* and to fix bond on the stay was then made and also denied. As a general rule a court retains jurisdiction over the judgment during the term at which it is rendered and may, for proper cause, vacate the judgment during the term. But in a criminal case the court can only vacate or change the judgment while it remains unexecuted, and it is without

jurisdiction to vacate or change the judgment after the prisoner has begun to serve his sentence. (*People v. Leinecke,* 290 Ill. 560; *People v. Whitman,* 277 Ill. 408; *People v. Turney,* 273 Ill. 546.) The claim that *People v. Jones,* 308 Ill. 125, authorizes the court to grant such a motion cannot be sustained. The court on page 127 approves the doctrine laid down in the three cases above cited.

Complaint is made of alleged improper cross-examination of the defendant and his witnesses by the State's attorney and of the restriction of the defendant's cross-examination of certain witnesses; also because, it is said, the conviction rests entirely upon the testimony of paid investigators. It is not practicable to review these matters in detail, but it is sufficient to say that we do not think any of these contentions are well grounded.

Criticism is made of each instruction given on the part of the People. After examining them, we are of the opinion that they contain no reversible error. Under the rule announced in *People v. Lemen,* 231 Ill. 193, the objection made to the form of verdict as given by the court and returned by the jury is untenable.

We find no reversible error in the record and the judgment is affirmed.

*Judgment affirmed.*