THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *vs.* LADDIE MIKOTA, Defendant-Appellant.

(No. 55440;

First District—August 13, 1971.

Sam Adam, and Edward M. Genson, of Chicago, for appellant.

William J. Scott, Attorney General, James B. Zagel, Assistant Attorney General, Edward V. Hanrahan, State's Attorney, Robert A. Novelle, Alan M. Polikoff, Assistant State's Attorneys, all of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

At the conclusion of a bench trial, in which defendant appeared *pro se*,

defendant was found guilty of the offense of public indecency.[1] He was placed on probation for two years, the first sixty days of which to be spent in the House of Correction. Defendant appealed directly to the Supreme Court of Illinois pursuant to Supreme Court Rule 603 which provides for direct review of final judgments of the circuit courts in cases involving a constitutional question. The Supreme Court adjudged that it had no jurisdiction of the case on direct appeal and transferred the case to this court.

On appeal defendant contends:

(1) that he was not properly informed of the nature and cause of the accusation against him;

(2) that there was a fatal variance between the complaint and the proofs; and

(3) that the evidence was insufficient to sustain his conviction.

Before the trial court began taking evidence in this case a rather extensive colloquy took place between defendant and the court. The court cautioned defendant about representing himself in this cause but he responded that he was familiar with both the statute under which he was charged and the penalty which could have been imposed. After the court informed defendant of his right to a jury trial, which was waived, he sought to determine the nature of the charge against him as alleged by the victim. He was then given a copy of the complaint [2] which he discussed with the court. This discussion revealed defendant's familiarity with the statute which was the basis of the complaint.

After a stipulation by defendant that he was over 17 years of age, Catherine Kuchta was called by the State and testified that she was 12 years old. At 5:30 P.M. on January 30, 1968, she was walking on the sidewalk at 27th and Albany in Chicago. Although the sun had gone down,

---

[1] Ill. Rev. Stat. 1967, ch. 38, par. 11—9, the pertinent statute, reads in part as follows:

"(a) Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:

 * * *

(3) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person;

 * * *

(b) Public place for purposes of this Section means any place where the conduct may reasonably be expected to be viewed by others."

[2] The complaint in the instant case, signed by Chester Lairson, reads as follows: "That Laddie Mikota has, on or about 30 Jan 1968 5:30 P.M. at 27th & Albany [sic] Chicago Ill. committed the offense of Public Indecency in that he a person of the age of 17 years and upwards, To Wit: 32 years of age, While in a public place, performed an act of a lewd exposure of the body, done with the intent to arouse or satisfy the sexual desires of either himself or another person, in violation of Chapter 38 Section 11—9 * * *."

street lights illuminated the area where she was walking. She noticed a man approximately one block away walking in her direction. As he approached, she recognized the man as the defendant in this case. whom she had previously seen. When he approached to within twenty-five feet, she noticed his pants were unzippered and he was holding his penis. As she walked toward him she moved to the other side of the walk, but he also moved so as to be directly in front of her. As defendant came within ten feet of her she noticed that defendant was swinging his penis. Defendant walked directly toward her, coming as close as four to six feet, in an attempt to corner her against a building but she ran away. Defendant never spoke to her but did smile "real funny-like." After the incident she went to her girlfriend's home and called the police.

Chester Lairson testified for the State that Miss Kuchta, whom he had known for five years, is his stepdaughter. She is a very good girl who goes to school daily where she obtains grades of straight "Es".

Rose Bauer was the sole defense witness. She testified that she left her house between 5:00 P.M. and 5:30 P.M. on January 30, 1968 to get a newspaper. At that time she saw defendant working in front of his house which was next to hers. She returned about 5:30 P.M. and saw defendant was still in front of his house. On cross-examination she said that she went for the paper on January 31. On redirect examination she testified that it was January 30 but in response to further questions indicated that it may have been subsequent to January 30 and finally said it was on January 30 that she went for the newspaper. Although asked several times by defendant's leading questions whether she had gone to obtain a *Tribune* (a copy of which was shown to her), she insisted she never got a *Tribune* but did get a *Herald-American* [sic].

*Opinion*

 (1) Defendant's contention that he was not informed of the nature and cause of the accusation against him mainly centers around the complaint (see footnote 2) which he claims was insufficient because it was couched in the words of the statute. A complaint is, however, sufficient, even though it is in the terms of the statute creating the offense, when that statute particularly defines the act constituting such offense thereby apprising defendant of the precise nature of the charge against him. (*People v. Collins* (1962), 35 Ill.App.2d 228, 231-232; see also *People v. Patrick* (1967), 38 Ill.2d 255, 258.) The complaint (see footnote 2) charged that defendant, while in a public place, lewdly exposed his body with the intent of arousing the sexual desires of himself or someone else. It also set out the specific date, time and the location when the act occurred. In addition, the statute which defendant had allegedly

violated was specified. This certainly apprised defendant of the offense with which he was charged thereby enabling him to prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense. A complaint substantially similar to the one in question here was specifically upheld in *People v. Grear* (1968), 98 Ill.App.2d 372; *rev. on other grounds* (1969), 42 Ill.2d 578.[3]

Defendant also makes much of the fact that although the complaint was made by Chester Lairson, it was Catherine Kuchta who presented the evidence against him. Defendant contends this led him to believe that it was Lairson and not the girl who would be the witness against him. The Supreme Court in *People v. Kennedy* (1922), 303 Ill. 423, 425, was held that the person making the complaint need not have first-hand knowledge of the offense when the knowledge he does have comes from some source which enables the person verifying the information to swear to its truth. Additionally, it is not through the complaint but ordinarily through the use of a pretrial motion [4] that a defendant learns of the witnesses against him. Also, defendant's comments before trial reveal that he knew of the existence of the girl and that she claimed that defendant committed the offense. We conclude that the fact the complaint was made by the 12-year-old-girl's stepfather rather than by her does not render that complaint defective and that it was sufficient to inform defendant of the nature and cause of the accusation against him.

(2) The defendant next contends that there was a fatal variance between the complaint and the proof. While it is conceded that a variance may vitiate a trial, variance *per se* is not a fatal defect. (See *People v. Merrill* (1966), 76 Ill.App.2d 82, 87.) The variance, if it is to result in a reversal of defendant's conviction must "be of such character as may mislead the accused in making his defense or expose him to double jeopardy." (*People v. Figgers* (1962), 23 Ill.2d 516, 518-519.) In comparing the evidence brought forth at trial with the complaint (see footnote 2) we find no material variance. A stipulation entered into between defendant and the State established that defendant was above the age of seventeen years. Catherine Kuchta testified that on January 30 at 5:30 P.M., while she was walking on a street at 27th and Albany in Chicago, she saw defendant exposing himself. Intent typically is proved by circumstantial evidence, and, in the absence of circumstances inconsistent with the requisite intent, it will be inferred from the evidence establishing the other essential elements of the crime. (*People v. Johnson* (1963), 28 Ill.2d 441, 443.) In the instant case defendant not only

---

[3] The basis of reversal in the *Grear* case was the failure of the evidence to establish guilt beyond a reasonable doubt.

[4] See Ill. Rev. Stat. 1967, ch. 38, par. 114—9.

exposed himself to the girl, he held his penis, swung it and smiled while attempting to corner her against a building. Such conduct on the part of defendant is sufficient to allow an inference to be drawn that he had the intent to arouse or satisfy his sexual desires. The words "or other person" found in the complaint are immaterial and may therefor be disregarded as surplusage. (*People v. Armes* (1963), 28 Ill.2d 83, 86; *People v. Figgers* (1962), 23 Ill.2d 516, 519.) The evidence brought out at the trial of this case was therefore not at variance with the complaint.

■ (3) Defendant's contention that the evidence was insufficient to sustain a conviction against him is without merit. In making this contention defendant relies heavily on *People v. Grear* (1969), 42 Ill.2d 578. That case also involved a situation in which a defendant exposed himself to a girl. The court held that the evidence was not clear and convincing or substantially corroborated because the complaining witness had only a fleeting opportunity to view the person who purportedly exposed himself. The court noted that the defendant neither said nor did anything to attract the attention of the complaining witness. Also a companion of the complaining witness saw nothing unusual at the time of the alleged offense. *Grear* is quite a different situation from that with which the court is confronted in the instant case. Here Catherine Kuchta saw the defendant as he approached from the distance of one block. As defendant came within twenty-five feet of her she realized that he was exposed. Also defendant attempted to corner her against a building. All of this occurred in an area illuminated by street lights.

■ Defendant, in an attempt to establish an alibi, called a witness who testified on direct examination that defendant was in front of his home on the date and time in question. Cross-examination of this witness revealed marked uncertainty concerning the date on which she saw defendant. The trier of fact chose to believe the testimony presented by the prosecution and this court will not upset that determination where the evidence is merely conflicting. See *People v. Scott* (1966), 34 Ill.2d 41, 45.

Additionally, the trial court found: "The question of identification is not a subject of consideration in this case at all, because the Court observes that the defendant is not a person who would be difficult to recognize by a person. Therefore, the Court is not concerned about identity."

The evidence in this case supports the conviction of defendant Mikota. The judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.