THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN MILLER *et al.*, Defendants-Appellants.

(No. 12598;

Fourth District—April 10, 1975.

John F. McNichols and Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellants.

C. Joseph Cavanagh, State's Attorney, of Springfield, (G. Michael Prall, of Illinois State's Attorneys Association and Stephen M. Deitsch, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from the circuit court of Sangamon County. On November 30, 1972, the defendants-appellants were sentenced 3 to 9 years on convictions for burglary and theft over $150. An appeal from those convictions pends in this court under our general number 12174 and bears agenda number 75—2.

On May 9, 1973, the defendants filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) seeking a new trial. The basis alleged was the discovery of new evidence which was not a matter of record and "* * * is an error of fact which could not have been discovered prior to trial * * *." The evidence in question is a letter, purportedly written by one Barbara Donelan whose testimony at the trial was damaging to the defendants. A copy of the letter was attached to the petition. Also attached was an affidavit of the attorney who had represented the defendants during the trial which resulted in their convictions and who also represented them in this proceeding. This affidavit stated that during her testimony Donelan had stated that she was not under the influence of any narcotic or stimulant drug but that the attached letter "* * * *  *apparently from the witness, Barbara Donelan* * * *. indicates that she was under the influence of a narcotic or stimulant drug at the time of trial." (Emphasis supplied.)

On June 13, 1973, hearing was held on the section 72 petition. The petition was denied, and this appeal is from that order.

During the course of the hearing defendants endeavored to introduce into evidence the original of the letter allegedly written by Donelan to one Billie Harris, a fellow inmate of McGuire and Miller in Menard prison. The trial judge refused to admit the document into evidence

there being no evidence whatsoever of the essential fact of Donelan's authorship. This ruling was clearly correct. During oral argument defendants conceded the inapplicability of the "reply letter doctrine" upon which they had relied in their brief in arguing erroneous denial of their offer of the letter.

When the trial judge refused to admit the letter defendants moved for a continuance for the purpose of attempting to obtain a sample of Donelan's handwriting. This motion was denied as was the petition for new trial. We affirm.

McGuire and Miller testified; Donelan did not, nor did Harris, the alleged recipient of the letter. The letter in question had been in defendants' counsel's possession for more than 2 months prior to the hearing of the petition. The envelope, in which the letter was contained, bore a street address in New Orleans, Louisiana. Counsel knew of the Springfield, Illinois, address of Donelan's mother, and he also knew of Donelan's Springfield address. It is inconceivable that counsel was unaware, from the moment the letter was forwarded to him, that either the testimony of Donelan, or proof of her handwriting, was essential in order to establish an evidentiary foundation for admission of the letter into evidence, and the only "newly discovered evidence" was the letter. Neither at the hearing on the petition, nor here, do defendants argue that the statement in the letter is of such a character that it would probably alter the result if a new trial were held. The record establishes no effort to locate Donelan or members of her family in order to procure either her testimony or a handwriting sample.

All motions for continuance are addressed to the discretion of the trial court and are to be considered in the light of the diligence shown on the part of the movant (Ill. Rev. Stat. 1973, ch. 38, par. 114—4 (e)), and the denial of a motion for continuance is not error unless an abuse of that discretion can be found. (*People v. Johnson*, 11 Ill.App.3d 395, 401, 296 N.E.2d 763.) This record establishes no abuse of discretion, and the judgment is affirmed.

Judgment affirmed.

TRAPP and GREEN, JJ., concur.