The People of the State of Illinois, Plaintiff-Appellee, *v.* Dean Wayne Christ, Defendant-Appellant.

(No. 13071;

Fourth District—October 30, 1975.

Peter R. Meyers, of Chicago, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, and Clive M. Topol, Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant was convicted of public indecency and sentenced to one year's probation. On appeal he raises three issues: (1) Whether he was denied his right to trial by jury; (2) Whether defendant was proven guilty beyond a reasonable doubt; and (3) Whether the trial court abused its discretion in allowing the State to ask a leading question. We affirm.

Defendant contends that he was denied his right to trial by jury when the trial court abused its discretion by denying a continuance for trial preparation. This, argues defendant, coerced him into waiving a jury in order to get a postponement of trial. In addition defendant maintains that the record does not show a knowing and voluntary waiver. This contention necessitates a review of the chronology of the case.

Defendant was arrested April 2, 1974.

A complaint was filed April 3, 1974.

After several continuances on defendant's motion, counsel was obtained and appeared on April 17, at which time a jury demand was filed.

On April 24, defendant's trial was allotted to the jury setting commencing on May 31, 1974.

On May 2, 1974, defendant filed three motions: for a list of witnesses, for a bill of particulars, and for pretrial discovery.

On May 16, 1974, the State voluntarily supplied defendant with a list of witnesses (another witness's name was supplied June 25).

On June 3, the case was continued to June 10, due to defendant's counsel being in trial elsewhere.

On June 10, the motions for a bill of particulars and for discovery were denied.

On June 11, the defendant's attorney, by phone, contacted the trial judge to discuss a continuance. That same day defendant appeared and waived a jury. A written waiver was filed June 12.

A bench trial was held August 7, 1974. Counsel objected to the manner in which defendant waived a jury but the objection was overruled.

Different versions exist of the phone conversation of June 11. Defense counsel stated, in affidavit, that the judge refused to grant a continuance unless a jury was waived. The judge's affidavit however, states merely that counsel asked if the case would be tried in June if a jury were waived and the judge replied that no, it would have to be reset for a nonjury time.

Defendant cites several cases for the proposition that it was an abuse of the trial court's discretion to refuse continuance for further preparation. We note first that there is no formal motion for continuance in the record.

■■ The grant or refusal of a continuance is within the sound discretion of the trial court, and we would reverse only for an abuse of that discretion. (*People v. Hamilton*, 17 Ill.App.3d 740, 308 N.E.2d 216.) No abuse was involved here. Counsel was aware of the trial setting for over a month. The State had voluntarily supplied a list of witnesses and counsel could not reasonably have expected further discovery in light of the guidelines of *People v. Schmidt*, 56 Ill.2d 572, 309 N.E.2d 557. Counsel admitted that he did not have another trial set although he found the trial setting "inconvenient." Each case must be decided on its own circumstances and we find no abuse here. *People v. Barnes*, 26 Ill.2d. 563, 188 N.E.2d 7.

■■ Since there was no abuse, there is no foundation for the theory that the trial judge coerced defendant into waiving his right to a jury

trial. Instead, what was demonstrated was a familiarity with the administration of jury calendars. Merely because there was a discernible reason for defendant's desire to waive a jury does not make such a waiver coerced.

Defendant also argues that this waiver cannot stand in the face of a silent record and he cites our decision in *People v. Ceaser*, 17 Ill.App.3d 650, 307 N.E.2d 753. However, in contrast to that case, the record is not silent here. In addition to the written waiver, there exists the entry by the court that defendant knowingly and understandingly waives his right to trial by jury.

■■ Defendant also contends that he was not proven guilty beyond a reasonable doubt. This contention necessitates a review of the evidence. Due to a breakdown of the tape recorder in the courtroom we do not have a verbatim transcript but a certified report of proceedings. The testimony showed two distinct versions of the events of April 2, 1974.

Daniel Defoe testified that one of his daughters told him of an incident on April 2, 1974. As a result, he and a friend, Charlotte Archer, went to the 600 block of Springfield Avenue in Champaign. He asked Archer to walk past 617 W. Springfield. She did and he observed movement. The two went to the Police Department and returned with some officers. Archer again walked past several times. Lights came on in the second-floor apartment.

Charlotte Archer testified she walked past on two occasions, the second when police were present. At first the light in the second floor apartment were out or dim. Next she observed a man peeking at her. Next she saw a man standing at the window naked. At that point the window was brightly lit. In response to the question by the prosecutor, "Did he have an erection?" she replied yes. Archer identified defendant as the man she had seen in the apartment.

Defendant contends that this was a leading question and that reversible error was committed by overruling his counsel's objection. Defendant cites no cases for the proposition that this could be reversible error, and in fact, no cases that this is error at all. The propriety of allowing leading questions, if this was one, is within the sound discretion of the court. (*People v. Drake*, 20 Ill.App.3d 762, 314 N.E.2d 532.) This was a bench trial. There was no abuse of discretion.

A Champaign police officer testified that he had seen a man he identified as defendant standing nude at a window. He stated that as Archer passed by the house the nude man picked up a large floor lamp and illuminated himself.

Defendant testified that, as was his custom, he was nude in his apartment. He denied standing at a window or turning on a lamp. He testified

he had never seen Charlotte Archer before. Defendant also presented two character witnesses who spoke highly of his reputation.

Defendant was convicted of public indecency under that section which reads:

> "Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:
>
> (3) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person;" Ill. Rev. Stat. 1973, ch. 38, § 11—9(a)(3).

Defendant first argues that his apartment is not a public place. This argument is untenable. The Committee Comments to section 11—9 state, as an example of an act in a public place, "a person standing nude before a lighted window of his private apartment at night, adjacent to a well traveled public sidewalk * * *." See also *People v. Legel*, 24 Ill.App. 3d 554, 321 N.E.2d 164.

Mr. Christ denied doing that which the witnesses testified that they saw. Clearly this is a matter of credibility, insufficient to raise a reasonable doubt. *People v. Mikota*, 1 Ill.App.3d 114, 273 N.E.2d 618.

Defendant also argues that his intent was not proven beyond a reasonable doubt.

> "Intent typically is proved by circumstantial evidence, and, in the absence of circumstances inconsistent with the requisite intent, it will be inferred from the evidence establishing the other essential elements of the crime." *People v. Mikota*, 1 Ill.App.3d 114, 118, 273 N.E.2d 618, 621.

In the present case, the circumstances are not inconsistent with the requisite intent. To the contrary, the circumstances supported the conclusion that defendant intended to arouse or satisfy his sexual desire. Defendant stood nude in his window, turned on a lamp to illuminate himself and had an erection.

For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.