THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAUL MOURNING, Defendant-Appellee.

Fourth District   No. 13370

Opinion filed May 6, 1976.

Arthur R. Strong, State's Attorney, of Rushville (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (Larry D. Kuster, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Paul Mourning was charged by complaint in the Circuit Court of Schuyler County with the offense of disorderly conduct. He was not arrested at any time but was served with a summons. After entering a plea of not guilty, he filed a motion to dismiss the complaint. Upon hearing, that motion was allowed and the complaint dismissed. The People appeal.

■■ We must first decide whether we have jurisdiction. The order dismissing the complaint is not a final order which would give the prosecution an absolute right of appeal under article VI, section 6, of the Illinois Constitution of 1970. It is appealable only if it meets the requirements of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)) promulgated pursuant to the authority granted to the Supreme Court by section 6 to "provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Courts." Rule 604 provides in pertinent part:

> "In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a

charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963."

Article 114 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, art. 114—1 *et seq.*) is entitled "Pre-Trial Motions" and section 114—1 is entitled "Motion to Dismiss Charge." Listed as grounds for dismissal under section 114—1(a) are:

"(6) The court in which the charge has been filed does not have jurisdiction;

\* \* \*

(8) The charge does not state an offense."

The complaint in the instant case was signed by a complainant and bore the certificate of a judge that the complaint had been sworn to before him. The motion to dismiss as amended alleged that the complaint was actually based on information and belief and should be dismissed because the court lacked jurisdiction and because the complaint failed to state an offense. At the hearing on the motion, the defendant was permitted to examine the complainant. The complainant testified that the victim was his son and that he gained his information about the occurrence giving rise to the complaint from conversations with the son and from reading written statements of other witnesses. The trial court ruled that although the complaint on its face did not appear to be on information and belief, such was actually the case and that the complaint was, therefore, insufficient. The judge filed a written memorandum and order explaining his ruling, but the document did not say whether the insufficiency deprived the court of jurisdiction or caused the complaint to fail to state a cause of action.

In *People v. Silverstein*, 19 Ill. App. 3d 826, 313 N.E.2d 309, the trial court dismissed an indictment on a motion that alleged that the prosecution had violated the defendant's constitutional rights by instructing a State's witness not to talk to defense counsel and by not rectifying the situation until shortly before trial. On appeal, the appellate court held that the trial court had authority to dismiss the charge in order to secure the defendant a fair trial even though these grounds were not listed in section 114—1(a). However, that court expressly refrained from deciding whether section 114—1(a) contained all of the grounds upon which a complaint may be dismissed or whether the trial court has inherent power to dismiss a charge. The Supreme Court did not dismiss the appeal which indicates that it viewed the appellate court as having had jurisdiction. Such disposition further indicates that an order dismissing a charge is appealable even though the trial court may have been in error in deciding that it had power to enter the order.

Neither *Silverstein* opinion gives any indication that the motion to dismiss alleged section 114—1(a) grounds. Here, although the order of

dismissal is silent as to whether the trial judge ruled that the imperfection in the verification of the complaint constituted a ground under section 114—1(a), the amended motion to dismiss alleged such grounds.

■■ The suggestion has also been made that *People v. Scholin*, 62 Ill. 2d 372, 342 N.E.2d 388, stands for the proposition that we have no jurisdiction. In *Scholin* the trial court dismissed an information with leave to file an amended information within 5 days, ordered the defendant to continue on bond, and set a subsequent day for arraignment. The Supreme Court affirmed the order of this court dismissing the appeal for lack of an appealable order. They noted that the trial court's action in holding the defendant to bail and setting a date for arraignment indicated that the "substantive effect" of the order was not to dismiss the charge and, therefore, the order did not attain appealability under Rule 604(a). The "substantive effect" of the order here was clearly to dismiss the charge. We conclude that we have jurisdiction of this case on appeal.

The People, arguing that section 114—1(a) grounds are the sole reasons for which a trial court can dismiss a charge, ask that we take jurisdiction but reverse because the reason for the dismissal was not encompassed by section 114—1(a). In *People v. Bradford*, 62 Ill. 2d 21, 338 N.E.2d 182, 183, a defendant proceeded to trial without objecting to the verification of the complaint upon which he was tried. Objection to the verification of the complaint was raised for the first time during defendant's cross-examination of one of the State's witnesses. The court stated "a sworn or verified complaint is not a jurisdictional prerequisite to the prosecution of a criminal offense * * *." The court went on to state that insufficiencies in the verification are waived by proceeding to trial without making objection. If the sufficiency of the verification of the complaint must be questioned by motion before trial it is difficult to see how it may be made unless it is done by motion under section 114—1(a). We need not decide this point, however, because we reverse for other reasons.

The Supreme Court opinion in *People v. Harding*, 34 Ill. 2d 475, 216 N.E.2d 147, discusses much that is of importance in this case. There, a defendant, appearing without counsel, entered a guilty plea to a traffic offense charged by an unverified traffic ticket. Later, defendant appeared by court appointed counsel and made motions to vacate the judgment and in arrest of judgment. The motions were allowed by the trial court. Defendant contended that charging him by an unverified complaint violated his rights under the Fourth Amendment and section 6 of article II of the Illinois Constitution of 1870. The opinion noted that although dictum in various Illinois Supreme Court cases indicates otherwise, the constitutional rights claimed dealt with the prerequisites to a complaint for an arrest or search warrant and did not involve the validity of a complaint charging an offense. The court ruled, however, that section

111—3(b) of the Criminal Code (Ill. Rev. Stat. 1965, ch. 38, par. 111—3(b)) requires that a complaint be sworn to. The court further noted that ordinarily the failure to challenge the defect in the complaint would be waived by failure to raise the issue prior to trial or plea of guilty. The defendant, however, had been under various disabilities so the court ruled that no waiver had occurred and affirmed.

In *People v. Olive*, 248 Ill. App. 220, a defendant was charged with certain prohibition violations. Upon conviction he appealed alleging that the proceeding was void because the information charging the offense was verified by a sheriff who admitted on cross-examination at trial that he had no first hand information as to the offense. The appellate court affirmed stating:

> "Courts will not look beyond a positive verification to ascertain in the first instance whether the accusation is upon information and belief. If the verification is positive, it is a sufficient warrant for further proceedings." (248 Ill. App. 220, 225.)

The opinion did go on to state that the question of sufficiency of the verification was waived because it was not raised in the trial court.

No authority has been cited to us holding that the trial court may look beyond the face of a criminal complaint to controvert the matters sworn to therein. Such a procedure would be unworkable and would greatly complicate the disposition of misdemeanor cases. As noted by this court in *People v. Endress*, 5 Ill. App. 3d 821, 284 N.E.2d 725, a defendant has no right to controvert the truth of matters stated in an affidavit for a search warrant. It would seem illogical to deny this opportunity to defendants in matters where constitutional rights are involved and to allow such a procedure when attacking a criminal complaint where only statutory rights are involved.

■■ Furthermore, no case has been cited to us holding that the hearsay information of complainant here would not be sufficient to support a complaint even if defendant were permitted to controvert the verification. Defendant cites various cases culminating in *People v. Arey*, 318 Ill. 305, 149 N.E. 277, which hold that a criminal complaint sworn to on information and belief is invalid and argues that accordingly a complaint based solely on hearsay is invalid. The cases upon which *Arey* was based are those referred to in *Harding* as confusing the constitutional rights involved in complaints for warrants with the statutory rights involved in complaints charging a crime.

In *Olive, People v. Mikota*, 1 Ill. App. 3d 114, 273 N.E.2d 618, and *People v. Kennedy*, 303 Ill. 423, 135 N.E. 762, the testimony at trial revealed that the complainant had only hearsay information. In *Kennedy*, although confusing the constitutional requirements of complaints for warrants with the statutory requirement for stating a crime, the court

stated that the complainant need not have "personal" knowledge of the facts. In *Mikota* the court stated:

> "[T]he fact the complaint was made by the 12-year-old-girl's stepfather rather than by her does not render that complaint defective and that it was sufficient to inform defendant of the nature and cause of the accusation against him." (1 Ill. App. 3d 114, 118, 273 N.E.2d 618, 621.)

Defendant distinguishes *Kennedy* on the grounds that the charge there was an information brought by the State's attorney. We see no difference as both are required to be verified. Ill. Rev. Stat. 1975, ch. 38, par. 111—3(b).

The order dismissing the complaint is reversed and the case is remanded to the Circuit Court of Schuyler County with directions that the complaint be reinstated and that the case proceed.

Reversed and remanded.

TRAPP, P. J., and CRAVEN, J., concur.