THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY L. GRAY, Defendant-Appellant.

Fourth District    No. 14643

Opinion filed June 23, 1978.

Richard J. Wilson and Donald T. McDougall, both of State Appellate
Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Robert C. Perry and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Following a bench trial in Sangamon County, defendant was convicted of theft of a .32-caliber revolver, a violation of section 16—1 of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1.) Defendant appeals his conviction alleging: (1) that his guilt was not proved beyond a reasonable doubt; and (2) that the court abused its discretion by denying defendant's motion for a continuance on the day of trial.

The evidence presented at trial reflects that a .32-caliber revolver was stolen from the glove compartment of a security guard's automobile near the Armory in Springfield on April 15, 1977. When the guard discovered the theft, he immediately notified the police who informed him that they were in possession of the weapon.

Prior to the guard's discovery of his loss, a passerby observed three men looking in parked cars near the Armory. The passerby immediately notified the police. When a patrol car reached the scene, officers in the car pulled next to three suspicious-looking men who fled on foot. The passerby and police chased the three men, including the defendant whom they soon took into custody. Although the passerby did not observe defendant holding a weapon during the chase, one of the officers observed defendant pull a white-handled gun from his sleeve. At that time, the defendant was running through a parking lot and appeared to make a single sweeping motion with his left hand. After defendant's apprehension, another passerby advised the officers that a gun was lying on the ground in the parking lot. When picked up by the police, the gun was lying in its holster approximately 20 to 30 feet from the spot where defendant made the sweeping motion with his arm. The gun was later identified as the one taken from the security guard's vehicle.

At trial, defendant claimed that he and an acquaintance had been solicited in an alley by an unknown third person who desired to sell them some stereo equipment and the revolver. When the police arrived, defendant ran because one of the officers started to pull his own revolver. Defendant denied holding the weapon when the officers arrived and he denied having thrown the gun into the parking lot.

The information charging defendant with the instant crime was filed on May 12, 1977, and states that defendant "* * * committed the offense of THEFT OF A FIREARM in that said defendant knowingly obtained unauthorized control over certain property of Forest Prather, being a .32 caliber automatic Armi Galesi Bere Scia, Brevitta caliber pistol, with the intent to deprive Forest Prather permanently of the use and benefit of said

property, in violation of the Criminal Code of 1961, as amended, Section 16—ldl, and against the peace and dignity of the same people of Illinois." Section 16—1(a) and (d)(1) of the Code provide: "A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over property of the owner; or* * * (d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and (1) Intends to deprive the owner permanently of the use or benefit of the property; * * *." Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a), (d)(1).

In *People v. Marino* (1970), 44 Ill. 2d 562, 576, 256 N.E.2d 770, 778, our supreme court held that the conduct proscribed in section 16—1(a) and (d)(1) does not involve separate offenses. Rather, any distinction between the conduct proscribed by the statute is of a historical nature. (LaFave & Scott, Criminal Law §91, at 673 (1972).) One charged with a violation of section 16—1(a) may, therefore, be convicted of theft even if he did not originally take the item from its lawful owner; to wit: "The conduct specifically proscribed in subsection (d), often termed 'receiving stolen property', is not a separate offense in Illinois. It is included within subsection (a), which describes as an offender, 'A person [who] knowingly: (a) Obtains or *exerts* unauthorized control over property of the owner.' (Emphasis supplied.) Thus, as reasoned by the appellate court in *People v. Nunn,* 63 Ill. App. 2d 465, at 470, 'section 16—1(a) is not limited to the theft of property in which only the actor who initiates the wrongful asportation is guilty of the offense.' (See S.H.A. ch. 38, §16—1, Committee Comments; *People v. McCormick,* 92 Ill. App. 2d 6, 11-13.)" 44 Ill. 2d 562, 576, 256 N.E.2d 770, 778; *cf. People v. Dziak* (1975), 30 Ill. App. 3d 859, 333 N.E.2d 582 (abstract).

■■■ We recognize that an indictment or information must set forth the statutory provision alleged to be violated and the nature and elements of the offense charged (U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8; section 111—3(a)(2), (3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)(2), (3))), that only formal defects in the charging instrument may be amended "at any time" (section 111—5 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 111—5); *People v. Heard* (1970), 47 Ill. 2d 501, 504-05, 266 N.E.2d 340, 343; *People v. Troutt* (1977), 51 Ill. App. 3d 656, 660, 366 N.E.2d 370, 373), and that the defendant is not under a mandatory duty to request a bill of particulars to clarify a vague charge (*People v. Allen* (1972), 8 Ill. App. 3d 176, 178, 289 N.E.2d 467, 468; section 111—6 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 111—6)). Our understanding of *Marino,* however, causes us to conclude that the indictment in the instant case sufficiently charges the crime of theft, a wrongful taking, and is not void even though the nature and elements

described in the charge correspond to section 16—1(a) while citing section 16—1(d)(1). In fact, a miscitation of the statutory provision alleged to have been violated does not render the charging instrument void unless defendant is prejudiced by the error. (*People v. Dismore* (1975), 33 Ill. App. 3d 495, 498, 342 N.E.2d 151.) Here, since the defendant had adequate notice of the charge against him and was able to present a defense thereto, we find that he was not prejudiced by the miscitation.

■■■ Since defendant was charged with and convicted of a wrongful taking, we also find that the evidence adduced at trial does indeed establish his guilt beyond a reasonable doubt. A suspect's recent, exclusive, and unexplained possession of stolen goods is evidence of the suspect's guilt of the wrongful taking, but is not evidence of guilt of receipt of stolen property. *E.g., People v. Watts* (1977), 55 Ill. App. 3d 66, 68, 370 N.E.2d 583, 584.

■■ A trial court's refusal to grant a motion for continuance will ordinarily not be reversed on appeal without a clear showing that the court has somehow abused its discretion. (*People v. Hayes* (1972), 52 Ill. 2d 170, 175, 287 N.E.2d 465, 467-68; *People v. Brooks* (1976), 39 Ill. App. 3d 983, 986, 350 N.E.2d 821, 823.) The granting of a continuance to permit counsel's preparation for trial necessarily depends upon the particular facts and circumstances surrounding the request. (*People v. Surgeon* (1958), 15 Ill. 2d 236, 154 N.E.2d 253; *People v. Clark* (1956), 9 Ill. 2d 46, 137 N.E.2d 54.) A conviction will be reversed when there is a clear showing that the refusal to grant a continuance embarrassed the defendant, impeded the preparation of his defense, or prejudiced his rights. *People v. Solomon* (1962), 24 Ill. 2d 586, 589-90, 182 N.E.2d 736, 738; *People v. Clayborne* (1977), 47 Ill. App. 3d 202, 204-05, 361 N.E.2d 1141.

■■ In the instant case, defense counsel moved for a continuance moments before the trial began in order to secure the presence of the man who was with defendant on the evening of his arrest—a man described in the record only as a Mr. Mort. Counsel had recently returned from vacation, had not interviewed the absent witness, but, based on counsel's conversations with the defendant, counsel felt the witness was a material part of his case. This conclusion, however, is belied by the fact that Mort had not been subpoenaed to appear as a witness. Other than defense counsel's conclusory statement that Mort was a material element in defendant's case, there is nothing in the record which indicates that Mort's testimony would have been useful to the defendant. Accordingly, we find that the court did not abuse its discretion in denying defendant's motion for a continuance and that defendant was not prejudiced by the denial of that motion.

The movant's diligence is also relevant to the granting or denial of a motion for continuance. (Section 114—4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—4(e)); *People v. Miller* (1975), 27 Ill. App. 3d 201, 203, 327 N.E.2d 251, 252; *People v. Christ* (1975), 32 Ill. App. 3d 1014, 1015, 337 N.E.2d 53, 55.) In the instant case, no showing of diligence has been made.

For the foregoing reasons, we affirm defendant's conviction for theft.

Affirmed.

GREEN, P. J., and CRAVEN, J., concur.