THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SYLVIA HAVEN et al., Defendants-Appellees.

First District (5th Division) Nos. 1—90—0459 through 1—90—0464 cons.

Opinion filed March 13, 1992.

Jack O'Malley, State's Attorney, of Chicago (Mercer Cook, Pamela L. Gray, Deborah M. Petro, and Philip R. Viktora, Assistant State's Attorneys, of counsel), for the People.

Michael Null, of Chicago, for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Defendants Ava Tossi, Sylvia Haven and Susan Hughes were arrested after delivering nude performances at an adult bookstore. Defendants were charged with violations of section 11–20(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 11–20(a)(2)), obscenity, and sections 11–9(a)(1) and 11–9(a)(2) (Ill. Rev. Stat. 1989, ch. 38, pars. 11–9(a)(1), (a)(2)), public indecency. This is an appeal by the State, pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), from the dismissal of the public indecency charges.

The parties agree on the facts as follows. Defendants are nude performers in a nonalcoholic setting. Their performances are done on a stage. Defendants perform behind glass panels, located in booths. Patrons view the performance through a glass panel activated by dropping a dollar coin into a timer box. Due to the enclosure, no physical contact between the performers and customers is possible.

Each defendant is charged by criminal complaint with two violations of the public indecency statute. One count charges a violation of section 11–9(a)(1) (Ill. Rev. Stat. 1989, ch. 38, par. 11–9(a)(1)) and the other charges a violation of section 11–9(a)(2) (Ill. Rev. Stat. 1989, ch. 38, par. 11–9(a)(2)). The trial court granted each of the performers' motions to dismiss the public indecency counts. This court has consolidated the appeals by the State concerning the dismissal of the public indecency counts. The obscenity counts which the State filed against each performer remain pending in the trial court.

The State's argument on appeal is that the circuit court erred in determining that the application of the public indecency statute to defendants' conduct is unconstitutional because there has been no evidence, proof or agreement concerning the nature or content of the conduct performed in the nude or that defendants' conduct was "nude dancing" implicating first amendment rights of expression. For the following reasons, we affirm the trial court's decision to dismiss the

indecency charges on the basis that the facts, as agreed to by the parties, provided the trial court with sufficient information to conclude that the public indecency statute is inapplicable to the facts in this case.

The function of a criminal charge is to advise the accused of the nature of the charge so that he may prepare his defense and to serve as a bar to a second prosecution of the same offense. (*People v. Simon* (1980), 91 Ill. App. 3d 667, 416 N.E.2d 285.) The State points out that in *People v. Mikota* (1971), 1 Ill. App. 3d 114, 273 N.E.2d 618, the court found the complaint sufficient because it charged in the language of the public indecency statute. In *Mikota* the defendant was charged with public indecency after exposing himself to a woman he passed on the street. That was clearly the type of conduct the indecency statute was intended to reach. The facts in the instant case are remarkably different. Although defendants here have been charged within the four corners of the indecency statute, we are entitled to look at the intent of the drafters and at the manner in which our courts have interpreted the statute in order to determine whether the statute is applicable when a nude dance is performed in front of a willing audience at a commercial establishment.

■■ The relevant portion of the indecency statute provides as follows:

> "11—9. Public indecency. (a) Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:
>
> (1) An act of sexual penetration or sexual conduct as defined in Section 12—12 of this Code; or
>
> (2) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person.
>
> (b) 'Public place' for purposes of this Section means any place where the conduct may reasonably be expected to be viewed by others." (Ill. Rev. Stat. 1989, ch. 38, par. 11—9.)

The legislative committee which drafted the public indecency statute expressly noted that it had deliberately decided that that particular statute should not apply to "commercial erotic displays," and it rejected proposed language which would have extended to such displays. As originally presented by the drafting subcommittee to the joint committee, this section read:

> " '(3) A lewd exposure to the body done with intent to arouse or to satisfy the sexual desire of the person, *or those to whom such exposure is made or both'*[.]

The objection raised to this subsection in this form was that the 'audience intent' phrase (emphasized above) could push this provision into the area of obscene acts performed not to the disturbance of, but rather to the delight of, those who witness such acts. The Joint Committee deemed it best to limit this provision to only those exposures which were shocking and disturbing to the immediate audience, leaving commercial erotic displays for separate consideration. To this effect, reference to an intent to stimulate the viewer of the lewd act was deleted. (See §11—20(a)(4)—Obscenity, of this Code)." (Emphasis in original.) Ill. Ann. Stat., ch. 38, par. 11—9, Committee Comments, at 303 (Smith-Hurd 1979).

 █ Moreover, our supreme court has recognized that the public indecency statute simply is not meant to address that conduct which may involve first amendment protection. In *People v. Garrison* (1980), 82 Ill. 2d 444, 412 N.E.2d 483, the court recognized that the public indecency statute applied to the defendant who was accused of standing behind a storm door of his residence and exposing himself but that the validity of the statute would be highly suspect if applied to operas, ballets, plays or *other performances* within the protection of the first amendment.

In the instant case, while the State complains about the trial court's failure to hold an evidentiary hearing, the undisputed facts establish that these were "commercially erotic displays." In *Garrison* and *Mikota*, the defendants' conduct occurred in what was unquestionably a public place. Such was not the case here. In this case, elaborate precautions were taken in order to see that the only persons to view the erotic displays were those wishing to do so. The patrons were required to pay an admission fee of $2 to be admitted to a "booth" and then to purchase coins in order to observe the performance through a window overlooking a stage. Furthermore, there is no doubt that the activity in question was commercial. The patrons' use of coins establishes this fact.

Accordingly, there is no need to gain additional facts regarding the specific conduct of the dancers. This is precisely the sort of performance which the legislature excluded from the coverage of the public indecency statute. Thus, the facts before the court plainly allege a "commercial erotic display," and the public indecency statute is applicable to only those exposures which are shocking and disturbing to the immediate audience, and not those commercial erotic displays which were designed to sexually arouse or gratify the audience. For this reason, we find that the public indecency statute is simply inap-

plicable to the conduct here, and therefore, we need not and do not address the constitutionality of the statute. Therefore, the State's sole remedy in this case lies in a prosecution for obscenity.

Based on the foregoing reasons, we affirm the trial court's dismissal of the public indecency counts.

Affirmed.

LORENZ and MURRAY, JJ., concur.